IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAVERLY LICENSING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) C.A. No. 22-420 (CFC) |
| v. | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| AT&T MOBILITY LLC, | ) |
| | ) |
| Defendant. | ) |

## **AT&T MOBILITY LLC'S ANSWER TO COMPLAINT AND DEFENSES**

Defendant AT&T Mobility LLC ("AT&T Mobility" or "Defendant"), by and through its counsel, hereby responds to the Amended Complaint of Plaintiff Waverly Licensing LLC ("Waverly") (D.I. 17) as follows and demands a trial by jury. Every allegation in the Complaint that is not expressly admitted is denied. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may be asserted to follow from the admitted facts. AT&T Mobility denies that Waverly is entitled to the relief requested or any other.

### **PARTIES**

1. AT&T Mobility is without sufficient information to admit or deny the allegations of paragraph 1 and therefore denies them.

2. AT&T Mobility admits that it is a Delaware limited liability company having an office at 1025 Lenox Park Blvd., Atlanta, Georgia 30319 and that it may

be served through CT Corporation.  AT&T Mobility denies the remaining allegations of paragraph 2.

## JURISDICTION

3.   AT&T Mobility admits that this purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. AT&T Mobility denies the remaining allegations of paragraph 3.

4.   AT&T Mobility admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). AT&T Mobility denies the remaining allegations of paragraph 4.

5.   AT&T Mobility does not contest this Court's personal jurisdiction over Defendant. AT&T Mobility denies the remaining allegations of paragraph 5.

## VENUE

6.   AT&T Mobility does not contest the propriety of venue in this District under 28 U.S.C. § 1400(b). AT&T Mobility denies the remaining allegations of paragraph 6.

## PATENT-IN-SUIT

7.   AT&T Mobility admits that on March 2, 2021, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 10,938,246 (the "'246 Patent"), entitled "METHOD AND APPARATUS FOR CHARGING A BATTERY-OPERATED DEVICE" and that a document purported to be the '246

Patent is attached to the Amended Complaint as Exhibit 1. AT&T Mobility denies the remaining allegations of paragraph 7.

8. AT&T Mobility is without sufficient information to admit or deny the allegations of paragraph 8 and therefore denies them.

9. AT&T Mobility is without sufficient information to admit or deny the allegations of paragraph 9 and therefore denies them.

### COUNT 1: INFRINGEMENT OF THE '246 PATENT

10. AT&T Mobility incorporates the above paragraphs herein by reference.

11. AT&T Mobility denies the allegations of paragraph 11.

12. AT&T Mobility denies the allegations of paragraph 12.

13. AT&T Mobility denies the allegations of paragraph 13.

14. AT&T Mobility denies the allegations of paragraph 14.

15. AT&T Mobility denies the allegations of paragraph 15.

### JURY DEMAND

16. Under Rule 38(b) of the Federal Rules of Civil Procedure, AT&T Mobility respectfully requests a trial by jury on all issues so triable.

### RESPONSE TO PRAYER FOR RELIEF

17. Waverly's prayer for relief does not require a response. To the extent a response is deemed required, AT&T Mobility denies that Waverly is entitled to relief of any kind, including the relief Waverly seeks in Paragraphs (A)–(E) of its Prayer

for Relief. AT&T Mobility denies any and all factual allegations relating to AT&T Mobility contained in Waverly's prayer. AT&T Mobility has not infringed, directly or indirectly, any valid and enforceable claim of the '246 Patent, and Waverly is not entitled to any remedy or recovery. Furthermore, AT&T Mobility denies that this is an exceptional case such that an award of attorneys' fees to Waverly is appropriate. Waverly's prayer should therefore be denied in its entirety and with prejudice, and Waverly should take nothing therefor.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

18. The allegations and claims in the Amended Complaint, in whole or in part, fail to state a claim on which relief may be granted.

### SECOND DEFENSE – NON-INFRINGEMENT

19. AT&T Mobility has not infringed and is not infringing directly, indirectly, contributorily, by inducement, or in any other manner any valid and enforceable claim of the '246 Patent, either literally or by the doctrine of equivalents.

### THIRD DEFENSE – INVALIDITY

20. One or more claims of '246 Patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112. For example, during prosecution of the '246 patent, the Patent Office

rejected the application on grounds that it was an obvious modification of the invention claimed in its parent, U.S. Patent No. 10,355,531 ("the '531 patent"). The applicant overcame this non-statutory double-patenting rejection by entering a terminal disclaimer, requiring it to promise that the '246 patent and the '531 patent would always be owned together. Because the '246 patent was assigned to Waverly without the '531 patent (or other members of the patent family), the '246 patent is invalid and unenforceable.

### FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL / DISCLAIMER

21. Waverly is estopped from construing the claims of the '246 Patent to cover or include, either literally or by application of the doctrine of equivalents, products manufactured, used, imported, sold, or offered for sale by AT&T Mobility or methods used by AT&T Mobility because of amendments, admissions, representations, or statements made before the United States Patent Office during prosecution of the applications leading to the issuance of the '246 Patent or applications related thereto, because of disclosures or language in the specification of the '246 Patent, and/or because of limitations in the claims of the '246 Patent.

### FIFTH DEFENSE – LICENSE AND/OR EXHAUSTION

22. To the extent that any of the allegedly infringing activities is directly or indirectly related to or based on products made, sold, or provided by, or services conducted by an entity that has an express or implied license to the '246 Patent, or

to the extent that any of the allegedly infringing conduct is directly or indirectly subject to rights granted to AT&T Mobility or another entity, Waverly's claims are barred, in whole or in part, in view of such licensed rights, implied or otherwise, covenant not to sue, and/or under the doctrine of patent exhaustion.

### SIXTH DEFENSE – LIMITATIONS ON DAMAGES

23.     Waverly's claims for damages, if any, are limited by 35 U.S.C. §§ 286 and 287. To the extent that Waverly seeks damages for alleged infringement occurring during any period when it lacked standing and/or enforceable title to assert the '246 Patent or failed to mark, Waverly's claims are barred, in whole or in part, by its inability to recover damages for periods of time when it lacked standing and/or enforceable title or failed to mark.

### PRAYER FOR RELIEF

24.     FOR THESE REASONS, AT&T Mobility respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a. An order declaring that Waverly, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Amended Complaint against AT&T Mobility;

   b. A judgment in favor of AT&T Mobility against Waverly declaring that AT&T Mobility has not and does not infringe, induce infringement, or

  contribute to any infringement of any valid and enforceable claim of the '246 Patent;

c. A judgment in favor of AT&T Mobility against Waverly declaring that the claims of the '246 Patent are invalid and/or unenforceable;

d. An order declaring that Waverly's conduct in commencing and pursuing its claims of patent infringement renders this an exceptional case and awarding AT&T Mobility its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

e. An order denying Waverly's recovery of any costs; and

f. An order awarding AT&T Mobility any such other relief as the Court may deem just and proper under the circumstances.

             MORRIS, NICHOLS, ARSHT & TUNNELL LLP

             */s/ Karen Jacobs*

             Karen Jacobs (#2881)
             1201 North Market Street
             P.O. Box 1347
             Wilmington, DE  19899
             (302) 658-9200
             kjacobs@morrisnichols.com

             *Attorneys for Defendant*
             *AT&T Mobility LLC.*

November 21, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 21, 2022, upon the following in the manner indicated:

Jimmy Chong, Esquire  *VIA ELECTRONIC MAIL*
CHONG LAW FIRM PA
2961 Centerville Road, Suite 350
Wilmington, DE  19808
*Attorneys for Plaintiff Waverly Licensing LLC*

/s/ *Karen Jacobs*
_____
Karen Jacobs (#2881)